J-S22038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD DALE THOMAS, SR., | : | |
| | : | |
| Appellant | : | No. 1835 WDA 2014 |

Appeal from the PCRA Order Entered October 10, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000402-2013

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 22, 2015**

Richard Dale Thomas, Sr., (Appellant) appeals *pro se* from the October 10, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we dismiss the appeal.

On July 11, 2013, a jury convicted Appellant of harassment based upon a statement he made via telephone to an employee of Fayette County Children and Youth Services (CYS).[1]  On July 16, 2013, the trial court sentenced Appellant to four to twelve months' incarceration and directed him to pay various costs and fines.  The trial court noted that Appellant was eligible for a Recidivism Risk Reduction Incentive sentence, reducing his minimum sentence to three months.  This Court affirmed Appellant's

_____

[1] Specifically, Appellant told the employee, "I hope the agency gets fucked, and I'm going to blow it up."

*Retired Senior Judge assigned to the Superior Court.

judgment of sentence on April 9, 2014. ***Commonwealth v. Thomas***, 102 A.3d 527 (Pa. Super. 2014) (unpublished memorandum). Appellant did not petition our Supreme Court for allowance of appeal.

Appellant filed a *pro se* PCRA petition on March 21, 2014.[2] Counsel was appointed, and on September 23, 2014, counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The next day, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's petition without a hearing. On October 2, 2014, Appellant *pro se* filed a document entitled "Petition to Continue with PCRA Hearing for Case Number: CP-26-CR-0000402-2013." By order dated October 10, 2014, the PCRA court formally dismissed Appellant's petition. By another order of the same date, the PCRA court permitted counsel to withdraw. Appellant timely filed a notice of appeal.

On November 21, 2014, the PCRA court issued an order directing Appellant to file a concise statement of errors complained of on appeal

---

[2] Appellant filed his PCRA petition while his direct appeal was pending before this Court and, thus, the PCRA court should have dismissed the petition without prejudice as premature. ***See Commonwealth v. Leslie***, 757 A.2d 984, 985 (Pa. Super. 2000) (noting that "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights" and that "the trial court should have dismissed the [subject] PCRA petition without prejudice as premature"). Nevertheless, because the PCRA court did not act on the petition, other than to appoint counsel, until after Appellant's direct appeal terminated, we decline to vacate the PCRA court's order and remand for further proceedings. ***Cf. id.*** at 986.

pursuant to Pa.R.A.P. 1925(b). On December 8, 2014, Appellant filed a document entitled "Notice of Appeal," which set forth various claims for relief. By order dated December 12, 2014, the PCRA court again directed Appellant to file a 1925(b) statement. Thereafter, on December 31, 2014, the PCRA court issued a statement in lieu of opinion indicating that, as of that date, Appellant had failed to file a 1925(b) statement.[3] However, the record indicates that on the same date the PCRA court issued its statement in lieu of opinion, Appellant filed a document which included several allegations of error. That document bears the title "Concise Statement of Issues (Notice of Appeal)."

Assuming *arguendo* that Appellant has complied with Pa.R.A.P. 1925(b), we conclude that there are substantial defects in Appellant's brief which preclude us from conducting any meaningful appellate review. Specifically, the brief consists of two handwritten pages, which includes only one section, and the appended PCRA court's statement in lieu of opinion. As such, it is missing a vast majority of the sections required by Pa.R.A.P. 2111, including, *inter alia*, a statement of questions involved, a statement of the standard and scope of review, and a statement of the case. Moreover, the brief is in large part rambling, disjointed, and incoherent. To the extent that Appellant may have preserved properly any

---

[3] The Commonwealth of Pennsylvania also represents in its brief that Appellant has failed to file such a statement.

- 3 -

of the claims therein, Appellant fails to provide developed arguments in support of those claims as required by Pa.R.A.P. 2119. Rather, Appellant mainly makes bald assertions supported by little legal argument, sparse citations to authority, and no citations to the record.

Rule 2101 grants us the authority to dismiss an appeal when the defects in a brief are substantial. Pa.R.A.P. 2101. The fact that Appellant is *pro se* does not excuse his failure to comply with the Rules of Appellate Procedure. While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Nor does it entitle him to have this Court advocate on his behalf. ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996). "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof." ***Id.*** (citation omitted).

Accordingly, because Appellant has failed to comply substantially with the relevant Rules of Appellate Procedure, we dismiss his appeal.

Appeal dismissed.


Judgment Entered.

- 4 -

_____

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/22/2015